UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TARIE HASSAN,

    Plaintiff,

v.                                                                                    Case No. 14-14407

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
                                                     /

**OPINION AND ORDER (1) OVERRULING PLAINTIFF'S OBJECTIONS;
(2) ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION;
(3) DEEMING MOOT PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT;
(4) DENYING PLAINTIFF'S AMENDED MOTION FOR SUMMARY JUDGMENT; AND
(5) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff Tarie Hassan appeals from Defendant Commissioner of Social Security's denial of his application for disability insurance. Magistrate Judge Anthony P. Patti issued a Report and Recommendation ("R. & R.") advising the court to deem Plaintiff's Motion for Summary Judgement moot (Dkt. # 14), deny Plaintiff's Amended Motion for Summary Judgment (Dkt. # 15), and grant Defendant's motion for summary judgment (Dkt. # 16). Plaintiff timely filed Objections to the R. & R. (Dkt. # 20), to which Defendant responded (Dkt. # 21). After reviewing the R. & R. and the parties' briefs, the court concludes that a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f)(2). For the reasons stated below and in the well-reasoned R. & R., the court will overrule Plaintiff's objections and adopt the R. & R.

## I. STANDARD

### A. Timely Objections and *De Novo* Review

The filing of timely objections to an R. & R. requires the court to "make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 673-74 (1980); *United States v. Walters*, 638 F.2d 947, 949 (6th Cir. 1981). This *de novo* review requires the court to re-examine all of the relevant evidence previously reviewed by the magistrate judge in order to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1).

"The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately," *Walters*, 638 F.2d at 950, enabling the court "to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute," *Thomas v. Arn,* 474 U.S. 140, 147 (1985). As a result, "'[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.'" *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

### B. Substantial Evidence Standard

In a social security case, the court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal

standards.'" *Rabbers v. Comm'r Soc. Sec. Admin.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); see also 42 U.S.C. § 405(g). When, as here, the Appeals Council declines review of a plaintiff's claim, "the decision of the ALJ becomes the final decision of the [Commissioner]." *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993).

The court's review of the record for substantial evidence is quite deferential to the ALJ. "Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Pittsburgh & Conneaut Dock Co. v. Dir., Office of Workers' Comp. Programs*, 473 F.3d 253, 259 (6th Cir. 2007), "even if that evidence could support a decision the other way," *Casey*, 987 F.2d at 1233. Moreover, the court bases its review on the entire administrative record, not just what the ALJ cited. *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). "Even if supported by substantial evidence, however, a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007) (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

## II. DISCUSSION

### A. Objection One

Repeating the argument in his motion for summary judgment, Plaintiff first objects to the Magistrate Judge's conclusion that the ALJ properly evaluated the medical opinion evidence offered by Dr. Younes, Mr. Hassan's treating physician.

Specifically, Plaintiff argues that the ALJ did not give good reasons for giving Dr. Younes' opinion limited weight.

When affording a treating physician's opinion limited weight, an ALJ must give good reasons that are "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave the treating source's medical opinion and the reasons for that weight." *Friend v. Comm'r of Soc. Sec.*, No. 09-3889, 2010 WL 1725066, at *7 (6th Cir. 2010) (internal quotations omitted). An ALJ considers the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the treating source. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004).

The ALJ did give good reasons, as the Magistrate Judge found, and Plaintiff's objection is unfounded. First the ALJ summarized all of Dr. Younes' recommendations and opinion. The ALJ then clearly stated,

> The undersigned gives Dr. Younes' opinions no more than modest weight. First, Dr. Younes has only seen the claimant three times over the last three years. Thus, he has not enjoyed the frequency and contact of duration with the claimant that would allow him to make an accurate assessment of the claimant's functional abilities. Secondly, several of his opinions are not well supported by the objective evidence. There is no compelling evidence showing that the claimant cannot lift more than 10 pounds or sit, stand, or walk for only five hours in an eight-hour workday. . . . . As such, the residual functional capacity . . . [includes] no limitations on pushing or pulling (other than the weight limitations inherent in light work) given the lack of findings of diminished strength and the limited abnormal findings on x-ray images.

(Dkt. # 12-2, Pg. ID 60.) Moreover, far from "essentially outright rejecting" Dr. Younes' opinion, Pl.'s Objs. 3, the ALJ credited him and conformed the residual functional

capacity determination to his opinion when it was supported by record evidence. The ALJ noted that Dr. Younes' "finding that the claimant cannot use his feet to operate leg controls on a regular and sustained basis is reasonably consistent with his findings of limited range of motion of the knees. As such, the residual functional capacity includes a restriction against the usage of foot pedals." (Dkt. # 12-2, Pg. ID 60). Thus, the ALJ considered Dr. Younes' opinions, articulated good reasons for giving them limited weight, and went on to accept those that were supported by the record. It is of little import, and certainly not reversible error, that after giving good reasons the ALJ did not rehash each of Dr. Younes' recommendations and individually reject them by repeating the good reasons already explained.

Additionally, Plaintiff argues that he has identified "other supportive findings never properly evaluated by the ALJ, and not adequately considered by the R&R." Pl.'s Obj. 5. First, substantial evidence for an ALJ's determination may exist even where "evidence could support a decision the other way." *Casey*, 987 F.2d at 1233. Thus, this invitation to reweigh evidence is unavailing. Moreover, the record indicates that the ALJ did consider the evidence Plaintiff now claims was overlooked. The ALJ did consider the paraspinal muscle tenderness, (Dkt. #12-2, Pg. ID 58), the knee crepitus, (*Id.* at Pg. ID 59), and observations concerning Plaintiff's ability to sit, walk, and stand, (*Id.*). Though Plaintiff references a positive straight leg raising test, the record indicates that Dr. Younes noted a negative result on that test. (Dkt. #12-7, Pg. ID 247 ("slr negative")).

Plaintiff's first objection is overruled.

## B. Objection Two

Next Plaintiff reargues his claim, which the R. & R. considered and found harmless, that the ALJ failed to consider Plaintiff's inability to afford medical care in making the credibility determination. However, so long as there remains substantial evidence supporting the ALJ's conclusion on credibility and the error does not negate the validity of the ALJ's ultimate credibility conclusion, such is deemed harmless and does not warrant reversal. *See Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 714 (2012). ("As long as the ALJ cited substantial, legitimate evidence to support his factual conclusions, we are not to second guess . . ."). Here, the ALJ did not rely on Plaintiff's limited medical history exclusively. The ALJ also considered other objective medical evidence that, on its own, constitutes substantial evidence. The ALJ considered the physical examinations of Dr. Wassim, the consultative psychological examiners, Plaintiff's psychiatrist, Dr. Khalid's opinion, and x-rays that showed "mild," "minimal," or even an absence of any abnormalities. (Dkt. # 12-2, Pg. ID 59.) The Magistrate Judge's recommendation is well founded, and Plaintiff's objection is overruled.

### C. Objection Three

Generally, Plaintiff's third objection is that the vocational expert did not include all the limitations he should have in determining what work was available to Plaintiff. In part, this objection is premised on the court's agreement with Plaintiff's first two objections, such that the limitations Dr. Younes recommended should have been considered by the vocational expert. To that extent, as the court overruled those objections, this objection is overruled as well.

Plaintiff also bases this objection on his reading of the ALJ's residual functional capacity determination. In relevant part, the ALJ found that Plaintiff could perform "no

6

jobs involving concentration on detailed or precision tasks or multi-tasking, reading, computing/calculating, or problem solving." (Dkt. # 12-2, Pg. ID 57-58.) Plaintiff argues that this limitation precludes jobs that involve any level of reading. The Commissioner argues that it precludes only "jobs involving concentration on detailed or precision . . . reading." Def.'s Resp. 11. The Magistrate Judge agreed with the Commissioner that the ALJ's residual functional capacity determination could not sensibly be read to mean that Plaintiff is completely unable to perform jobs involving any reading. The Magistrate Judge arrived at that conclusion because the ALJ had previously found that Plaintiff had completed at least high school, (Dkt. # 12-2, Pg. ID 61), and record evidence, including Plaintiff's own testimony, indicated that he had completed two or three years of college. (Dkt. # 12-2, Pg. ID 73; Dkt. # 12-7, Pg. ID 262.) Other record evidence, as well, suggests that Plaintiff has little difficulty reading. For example, the ALJ noted that Plaintiff "is able to pay bills and otherwise manage his financial affairs," (Dkt. # 12-2, Pf. ID 56), he was able to spell the word "world" correctly forward and backward during a mental exam, (*Id.* at Pg. ID 57). The court agrees with the Magistrate Judge, that in the context of the record, the residual functional capacity determination, though inartfully drafted, should not be read to preclude all jobs that require any level of reading.

### D. Objection Four

Plaintiff's final objection pertains to the ALJ's failure to place Mr. Hassan in a higher age category. The Social Security Administration does not apply age categories mechanically when a claimant is within a few days or months of the next category (known as a "borderline age situation") and instead will consider some extra factors when determining in which category the claimant belongs. It is undisputed that Mr.

Hassan was in a borderline age situation and that the ALJ did not expressly address Plaintiff's borderline age in the decision. However, an "ALJ does not have a procedural obligation to address a claimant's borderline age situation in his opinion or explain his reasons for arriving at a particular age categorization." *Bowie v. Comm'r of Soc. Sec.*, 539 F.3d 395, 400-01 (6th Cir. 2008). Further, the Magistrate Judge correctly concluded that the record does not indicate any of the "additional adversities" required to justify application of an age category other than the claimant's chronological age category. (R. & R. 38-39.) Plaintiff argues that his inability to perform "jobs involving concentration on detailed or precision tasks or multi-tasking, reading, computing/calculating, or problem solving" or jobs requiring anything more than brief or superficial contact with the public are additional adversities. Pl.'s Obj. 11-12. These, however, are not *additional* adversities, they are adversities considered and made part of Plaintiff's residual functional capacity determination that resulted in the ALJ's finding that Plaintiff could perform various unskilled work. Use of the chronological age category was appropriate because, in this case, the record does not support the conclusion that Plaintiff cannot read and write in English, his past relevant work was skilled, and the ALJ already accounted for Plaintiff's moderate difficulties in social functioning and concentration, persistence, or pace.

    Plaintiff's fourth objection is overruled.

### III. CONCLUSION

Accordingly, IT IS ORDERED that Plaintiff's objections (Dkt. # 20) are OVERRULED and the Magistrate Judge's report and recommendation (Dkt. # 19) is ADOPTED IN FULL AND INCORPORATED BY REFERENCE.

IT IS FURTHER ORDERED that Plaintiff's Motion for Summary Judgment (Dkt. # 14) is DEEMED MOOT, Plaintiff's Amended Motion for Summary Judgment (Dkt. # 15) is DENIED, and Defendant's Motion for Summary Judgment (Dkt. # 16) is GRANTED.

      s/Robert H. Cleland
     ROBERT H. CLELAND
     UNITED STATES DISTRICT JUDGE

Dated: March 24, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 24, 2016, by electronic and/or ordinary mail.

      s/Lisa Wagner
     Case Manager and Deputy Clerk
     (313) 234-5522